UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LEO W. PERSICK, JR. | * | CIVIL ACTION NO.: |
| | * | |
| VERSUS | * | SECTION: |
| | * | |
| BURLINGTON NORTHERN SANTA FE | * | |
| RAILWAY COMPANY | * | MAG. DIVISION: |

*********************************************

## COMPLAINT FOR DAMAGES

MAY IT PLEASE THE COURT:

NOW COMES, through undersigned counsel, the Plaintiff, Leo Wayne Persick, Jr., a person of full age and majority domiciled in the Parish of East Baton Rouge, State of Louisiana, who respectfully represents as follows:

1. This Honorable Court possesses federal question jurisdiction with regard to Plaintiff's claims against his railroad employer Defendant, Burlington Northern Santa Fe Railway Company ["BNSF"], by virtue of 28 U.S.C. § 1331.

2. Plaintiff's claims versus BNSF arise under the provisions of the Federal Employer's Liability Act ["FELA"], 45 U.S.C. § 51, *et seq*.

3. Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391(c) as the Defendant, BNSF, owns, operates, and maintains equipment, rail yards, and mainline railroad tracks in Jefferson Parish, resulting in BNSF possessing sufficient minimum contacts in the Eastern District of Louisiana to establish venue in this Court.

4. BNSF is a corporation organized and existing under and by virtue of the laws of the State of Delaware, doing business within the State of Louisiana, with its principal business

1

establishment in Fort Worth, Texas and at all times mentioned herein was engaged in interstate commerce and operating its equipment on its mainline tracks in Jefferson Parish, Louisiana.

5.      This cause of action arises under the provisions of the Federal Employer's Liability Act, 45 U.S.C. § 51 *et seq.*, commonly referred to as the FELA, to recover damages for personal injuries sustained by the Plaintiff, a locomotive engineer, while employed by his railroad employer Defendant, BNSF; the injuries sustained in the line of duty occurred while Plaintiff was engaged in BNSF's principal business of transporting freight in interstate commerce.

6.      Defendant, BNSF, is liable unto its employee, the Plaintiff, Leo W. Persick, Jr., for all of the damages he sustained, as well as all general and equitable relief, together with legal interest thereon from the date of judgment until paid, and for all costs of these proceedings for the following reasons to-wit:

7.      On or about September 20, 2010, Plaintiff was working as a locomotive engineer in the BNSF Lafayette Yard, attempting to release a handbrake on his locomotive as part and parcel of BNSF's business of moving freight in interstate commerce.

8.      While doing so, and while releasing the locomotive engine's handbrake as instructed and required by all pertinent Federal Railroad Administration and BNSF safety rules, the defective handbrake caught his gloved hand as the surface on the backside of the handbrake was extremely rough from paint drippings where BNSF employees had spray painted the locomotive with the date for its next inspection.

9.      Due to the malfunctioning and defective handbrake, in direct violation of the Federal Safety Appliances Act, 49 U.S.C. § 20302 and the Locomotive Inspection Act, 49 U.S.C.A. § 20701, Plaintiff's right hand got caught on the back of the handbrake, causing his hand to twist, severely injuring and fracturing his right middle finger.

10.     Plaintiff avers that at the time of his injuries, he was an able-bodied railroad worker, and that as a direct cause of Defendant's negligence under the Federal Employer's Liability Act (FELA), and its violation of the Federal Safety Appliances Act and Locomotive Inspection Act on September 20, 2010, Plaintiff sustained severe and debilitating injuries to his right middle finger, which have required extensive medical care and surgical intervention for which he demands full recovery.

11.     Plaintiff further avers that Defendant, through their agents, servants, and employees negligently and carelessly failed to provide him with a reasonably safe place to work in violation of the provisions of the FELA, 45 U.S.C. § 51, *et seq.*, and also violated the Federal Safety Appliances Act, 49 U.S.C. § 20302 and the Locomotive Inspection Act, 49 U.S.C.A. § 20701 thereby causing and/or contributing to the aforementioned injuries; and the negligence of BNSF includes, but is not limited to the following acts to-wit:

   A. In that BNSF, in violation of its non-delegable duty, failed to provide Plaintiff with a reasonably safe place to work;

   B. In that BNSF, in violation of its non-delegable duty, failed to provide safe working conditions and proper equipment where Plaintiff was performing his duties in the manner required by Defendant;

   C. In that BNSF, in violation of its non-delegable duty, failed to warn Plaintiff of unsafe workplace conditions of which it knew, or in the exercise of reasonable care, should have known.

   D. In that BNSF failed to exercise due care and caution commensurate with the surrounding circumstances;

    E. In that the malfunction of the defective handbrake on the locomotive engine in the possession and control of BNSF renders it absolutely liable under the Federal Safety Appliances Act, 49 U.S.C. § 20302.

    F. In that the locomotive, its parts and appurtenances, were not in proper condition and safe to operate without unnecessary danger of personal injury, rendering BNSF absolutely liable under the Locomotive Inspection Act, 49 U.S.C.A. § 20701, *et seq*, and other regulations enacted in title 49 of the Code of Federal Regulations.

    G. Other acts and omissions of negligence, which will be fully enumerated at the trial of this matter.

12. Plaintiff demands all damages reasonable in the premises and specifically itemizes the following damages for which he seeks recovery:

    A. Physical Pain and Suffering, Past and Future;

    B. Permanent Disability;

    C. Loss of Enjoyment of Life;

    D. Past Lost Wages and Fringe Benefits;

    E. Unpaid Past and Future Medical Expenses;

    F. Loss of Earning Capacity.

13. Plaintiff is entitled to, and demands, a trial by jury.

14. Plaintiff reserves the right to amend his Complaint for damages, as additional facts become known to him.

    WHEREFORE, Plaintiff, Leo W. Persick, prays that Defendant, Burlington Northern Santa Fe Railway Company, be duly served with a copy of this Complaint and be summoned to appear and answer same and after due proceedings are held that there be Judgment granted

herein in favor of Plaintiff, Leo W. Persick, and against Defendant, Burlington Northern Santa Fe Railway Company, for all sums reasonable in the premises, together with legal interest thereon from the date of judgment, until paid, for all costs of these proceedings and for all general and equitable relief.

Date:  August 23, 2012

                        Respectfully Submitted,

                        **DAVIS • SAUNDERS, PLC**

BY:   */s/ Carisa German-Oden*
        **CARISA GERMAN-ODEN #31463**
        **JOSEPH M. MILLER #30636**
        **BENJAMIN B. SAUNDERS #11733**
        400 Mariners Plaza Drive, Suite 401
        Mandeville, Louisiana  70448
        Telephone: (985) 612-3070
        Facsimile:  (985)612-3072
        **Attorneys for Plaintiff,**
        **Leo W. Persick**